JTG

Filed Under Seal

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 08-** 409 |
| **v.** | : | **DATE FILED:** FILED JUL 16 2008 |
| **WILLIAM J. STRUNK**<br>**CHUN YONG MADDEN**<br>**a/k/a "Kimberly Suemi,"**<br>**a/k/a "Kim"**<br>**JOHN G. EVANS, JR.** | : | **VIOLATIONS:**<br>**18 U.S.C. § 371 (conspiracy - 1 count)**<br>**18 U.S.C. § 1952(a)(3) (ITAR - 3 counts)**<br>**18 U.S.C. §§ 1589, 1594(a) (attempted forced labor - 2 counts)**<br>**18 U.S.C. § 2 (aiding and abetting)**<br>**Notice of forfeiture** |

## INDICTMENT

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

## INTRODUCTION

At all times material to this indictment:

1. Swan Day Spa ("Swan Spa"), a business posing as a "health spa," was located on the second floor of 529 Lancaster Avenue, Berwyn, Pennsylvania, and was owned, operated, and managed as a brothel.

2. Females were employed at Swan Spa to offer and provide prostitution services and massages, including massages and showers that provided sexual contact with the male customers for a fee.

3. Swan Spa accepted cash and credit cards for the services provided to the male customers, including payment for prostitution services.

4. Defendant WILLIAM J. STRUNK, an owner of Swan Spa, leased the premises where Swan Spa was located, and hired defendant CHUN YONG MADDEN, a/k/a

"Kimberly Suemi," a/k/a "Kim," to manage the brothel. Defendant STRUNK controlled the financial operations of Swan Spa, which involved the receipt and disposal of proceeds generated from the cash and credit card payments for the prostitution services until in or about Spring 2007.

5. Defendant CHUN YONG MADDEN served as the manager of Swan Spa and ran the day-to-day operations of the business. This included managing, directing, and controlling the activities of the females who provided the prostitution services for the customers. Defendant MADDEN, using the name "Kim," also provided sexual services to the male customers for a fee. Commencing in or about Spring 2007 to in or about January 2008, defendant MADDEN assumed financial control of the operations of Swan Spa, which involved the receipt and disposal of proceeds generated from the cash and credit card payments for the prostitution services provided to the male customers.

6. Defendant JOHN G. EVANS, JR. assisted defendants WILLIAM J. STRUNK and CHUN YONG MADDEN in managing the business, which included transporting females to and from Swan Spa. Commencing in or about Spring 2007, until in or about January 2008, defendant EVANS assisted defendant MADDEN with the financial operations of the business, including depositing cash proceeds from Swan Spa and making disbursements from a personal account controlled by defendants MADDEN and EVANS.

**THE CONSPIRACY**

7. From in or about April 2005, to in or about January 2008, in the Eastern District of Pennsylvania and elsewhere, defendants

**WILLIAM J. STRUNK,**
**CHUN YONG MADDEN,**
**a/k/a "Kimberly Suemi,"**
**a/k/a "Kim,"**
**and**
**JOHN G. EVANS, JR.**

conspired and agreed together, and with other persons known and unknown to the grand jury, to use and cause to be used, a facility in interstate commerce, that is, the wire transfer of credit card authorization information from Swan Day Spa, in Berwyn, Pennsylvania, to locations in, Dallas, Texas; Omaha, Nebraska; Hagerstown, Maryland; and Sunrise, Florida, with the intent to promote, manage and carry on, and facilitate the promotion, management and carrying on of an unlawful activity, that is a business enterprise involving prostitution, in violation of the law of the Commonwealth of Pennsylvania, Title 18, Pennsylvania Consolidated Statutes Annotated, Section 5902, and performed and attempted to perform acts to promote, manage, carry on, and facilitate the promotion, management, and carrying on of the unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3).

**MANNER AND MEANS**

It was part of the conspiracy that:

8. Defendant WILLIAM J. STRUNK leased the second-floor front unit in a building situated at 529 Lancaster Avenue in Berwyn, Pennsylvania, to operate a prostitution business, under the guise of a "day spa," employing numerous female prostitutes who performed sexual massages and other services for the male customers in exchange for money.

9. Defendant WILLIAM J. STRUNK hired defendant CHUN YONG MADDEN as the manager of the business to collect payments from customers and to supervise the activities of the prostitutes, who serviced customers of Swan Spa approximately 12 hours per day, approximately six days per week between Spring 2005 and Fall 2007, and from Thursdays to Sundays from Fall of 2007 to January 2008.

10. Defendants WILLIAM J. STRUNK and JOHN G. EVANS, JR., and others unknown to the grand jury, who served as drivers, routinely dropped off and picked up females who worked at Swan Spa.

11. Defendant WILLIAM J. STRUNK leased an apartment located near Swan Spa, Berwyn, Pennsylvania, where female workers were housed at various times. Female workers also resided at Swan Spa.

12. Cash and credit cards were accepted as payment for the prostitution services, which included a "house" fee of approximately $60 cash, or $65 for credit card transactions, plus a fee or tip paid to the prostitute. Female workers were paid cash wages, which consisted of $15 per customer from the "house fee," plus tips from the customers.

13. Defendant WILLIAM J. STRUNK maintained a bank account at Sovereign Bank ("Sovereign Account #1") in the Eastern District of Pennsylvania, with an individual known to the grand jury, who was defendant STRUNK's first business partner, which account was used primarily for the receipt and deposit of credit card transactions processed for Swan Spa.

14. Defendant WILLIAM J. STRUNK opened and maintained a second bank account at Sovereign Bank ("Sovereign Account #2"), in the Eastern District of Pennsylvania, with an individual known to the grand jury, who was defendant STRUNK's second business partner, which account was used for the receipt and deposit of cash proceeds from the operations of Swan Spa. Defendant CHUN YONG MADDEN also held signatory authority on this account.

15. Defendants CHUN YONG MADDEN and JOHN G. EVANS, JR. opened and maintained a bank account at Commerce Bank, which was used for the receipt and deposit of

cash from the operation of Swan Spa.

16. The above business bank accounts set up at various times by defendants WILLIAM J. STRUNK, CHUN YONG MADDEN, and JOHN G. EVANS, JR. were used to facilitate the operation of the brothel, in that cash deposits and deposits from credit card transactions as payment for the prostitution services were made into these accounts, totaling approximately $226,464. From these accounts, defendants STRUNK, MADDEN, and EVANS made check and cash withdrawals for their own personal benefit, as well as for expenses related to the continued operation of the prostitution business, including payments for rent, among other things.

**OVERT ACTS**

In furtherance of the conspiracy defendants WILLIAM J. STRUNK, CHUN YONG MADDEN a/k/a "Kimberly Suemi" and "Kim," JOHN G. EVANS, JR., and others known and unknown to the grand jury, committed the following overt acts in the Eastern District of Pennsylvania, and elsewhere:

1. On or about April 13, 2005, defendant WILLIAM J. STRUNK, as owner of Swan Spa, opened a bank account at Sovereign Bank ("Sovereign Account #2") in the Eastern District of Pennsylvania, with his second business partner, for the receipt and deposit of cash proceeds from the operations of Swan Spa and to pay expenses related to the prostitution business from that account, among other things.

2. On or about May 4, 2006, defendant WILLIAM J. STRUNK transported or caused to be transported two adult females, "Y.Y.Z." and "J.H.," illegal aliens from the Peoples Republic of China, to Swan Spa to work under the control, direction, and supervision of

defendant CHUN YONG MADDEN. The women were housed at an apartment leased by defendant WILLIAM J. STRUNK in Berwyn, Pennsylvania, near Swan Spa.

3. On or about May 5, 2006, defendant CHUN YONG MADDEN instructed Y.Y.Z. and J.H. on how to provide showers and massages to male customers for a fee. Defendant MADDEN directed Y.Y.Z. and J.H. to watch as defendant MADDEN demonstrated by providing a male customer with a shower and a massage that included sexual contact with the customer's genitalia.

4. On or about May 5, 2006, defendant CHUN YONG MADDEN instructed Y.Y.Z. and J.H. that Y.Y.Z. and J.H. would make more money for themselves and Swan Spa if Y.Y.Z. and J.H. provided massages and showers for the male customers that included sexual contact.

5. On or about May 5, 2006, defendant CHUN YONG MADDEN ordered Y.Y.Z. and J.H. into defendant MADDEN's motor vehicle and drove them around for approximately one hour, during which time defendant MADDEN threatened to take Y.Y.Z. and J.H. to the police station and to report them to immigration authorities because they were illegal aliens. Defendant MADDEN told Y.Y.Z. and J.H. that Swan Spa would lose money because Y.Y.Z. and J.H. refused to provide sexual massages for the male customers. Defendant MADDEN struck J.H. in the head with a set of keys.

6. On or about the following approximate dates listed below, credit card transactions for the payment of prostitution services at Swan Spa by the various customers listed

below were conducted, each transaction constituting a separate overt act:

| Overt Acts | Total Amount | Payer | Date |
|---|---|---|---|
| a | $65 | "ML" | 12/14/2005 |
| b | $65 | "JR" | 3/29/06 |
| c | $75 | "PD" | 5/10/06 |

7. On or about November 6, 2006, defendant CHUN YONG MADDEN, as a manager of Swan Spa, became a signatory on Sovereign Account #2, which account was previously opened by defendant WILLIAM J. STRUNK, on or about April 13, 2005, for the receipt and disbursement of proceeds from Swan Spa operations.

8. On or about February 16, 2007, defendant CHUN YONG MADDEN, as President of Swan Spa, opened a merchant account for Swan Spa with First Data Merchant Services, to process credit card transactions as payment for services provided at Swan Spa, which deposits were made to Sovereign Account #1.

9. On or about January 12, 2008, defendant JOHN G. EVANS, Jr. transported females to Swan Spa.

All in violation of Title 18, United States Code, Section 371.

## COUNTS TWO THROUGH FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 6 and 8 through 16 of Count One are realleged.

2. On or about the dates set forth below, in the Eastern District of Pennsylvania, and elsewhere, defendants

**CHUN YONG MADDEN,**
**a/k/a "Kimberly Suemi,"**
**a/k/a "Kim,"**
**and**
**WILLIAM J. STRUNK**

used and caused to be used, and aided and abetted the use of, a facility in interstate commerce, that is, the wire transfer of credit card authorization information from the Swan Day Spa in Berwyn, Pennsylvania, to locations in Dallas, Texas; Omaha, Nebraska; Hagerstown, Maryland; and Sunrise, Florida, with the intent to promote, manage, and carry on, and facilitate the promotion, management, and carrying on, of unlawful activity at Swan Day Spa, that is, a business enterprise involving prostitution, in violation of the law of the Commonwealth of Pennsylvania, Title 18, Pennsylvania Consolidated Statutes Annotated, Section 5902, and therefore performed and attempted to perform acts to promote, manage, carry on, and facilitate the promotion, management, and carrying on, of unlawful activity, each transaction constituting a separate count:

| COUNT | CREDIT CARD TRANSACTION AMOUNT | DATE |
|---|---|---|
| 2 | $65 | 12/14/05 |
| 3 | $65 | 3/29/06 |

| COUNT | CREDIT CARD TRANSACTION AMOUNT | DATE |
|---|---|---|
| 4 | $75 | 5/10/06 |

In violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 3, 5, and 8 through 12 of Count One are realleged.

2. On or about May 4, 2006, defendant WILLIAM J. STRUNK transported, or caused to be transported, two adult females, "Y.Y.Z." and "J.H.," illegal aliens from the Peoples Republic of China, to Swan Spa in Berwyn, Pennsylvania to work as prostitutes under the control and supervision of defendant CHUN YONG MADDEN. Y.Y.Z. and J.H. had no understanding of the English language, no familiarity with Swan Spa or its location, and no identification documents. Y.Y.Z. and J.H. intended to work at Swan Spa as bona fide masseuses.

3. On or about May 4, 2006, defendant CHUN YONG MADDEN instructed Y.Y.Z. and J.H. that they would provide massages for male customers for a fee of $60, of which $15 per customer would be paid in cash to Y.Y.Z. and J.H., in addition to the tips received from customers. Defendant MADDEN further instructed Y.Y.Z. and J.H. that they would have to clean Swan Spa daily as part of their duties, and pay $10 per day for food and rent to defendant MADDEN.

4. On or about May 4, 2006, defendant CHUN YONG MADDEN housed Y.Y.Z. and J.H. overnight in an apartment near Swan Spa, which apartment was leased by defendant WILLIAM J. STRUNK.

5. On or about May 5, 2006, defendant CHUN YONG MADDEN instructed Y.Y.Z. and J.H. that Y.Y.Z. and J.H. would make more money for themselves and Swan Spa if Y.Y.Z. and J.H. provided massages and showers for the male customers that included sexual contact. Defendant MADDEN directed Y.Y.Z. and J.H. to watch as defendant MADDEN

demonstrated by providing a male customer with a shower and a massage that included sexual contact with the customer's genitalia.

6. On or about May 5, 2006, Y.Y.Z. and J.H. advised defendant CHUN YONG MADDEN that they would not perform massages or services which involved sexual contact with the male customers, and told defendant MADDEN that they wanted to leave Swan Spa. Defendant MADDEN screamed at Y.Y.Z. and J.H., called them derogatory names, and said they could not leave until "new girls" arrived.

7. On or about May 5, 2006, defendant CHUN YONG MADDEN ordered Y.Y.Z. and J.H. into defendant MADDEN's motor vehicle and drove them around for approximately one hour, during which time defendant MADDEN threatened to take Y.Y.Z. and J.H. to the police station and to report them to immigration authorities because they were illegal aliens. Defendant MADDEN told Y.Y.Z. and J.H. that Swan Spa would lose money because Y.Y.Z. and J.H. refused to provide sexual massages for the male customers. Defendant MADDEN struck J.H. in the head with a set of keys.

8. On or about May 5, 2006, Y.Y.Z. and J.H. fled from defendant CHUN YONG MADDEN's motor vehicle in fear of being reported to law enforcement and immigration authorities and to avoid returning to Swan Day Spa.

9. On or about May 5, 2006, in the Eastern District of Pennsylvania, defendant

**CHUN YONG MADDEN,**
**a/k/a "Kimberly Suemi,"**
**a/k/a "Kim,"**

through abuse and threatened abuse of legal process, knowingly attempted to obtain the labor and

services of Y.Y.Z., an adult female, who was an illegal alien from the Peoples Republic of China, which labor involved the performance of massages and other services for male customers of Swan Day that required sexual contact with the male customers.

All in violation of Title 18, United States Code, Sections 1589 and 1594(a).

**COUNT SIX**

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 8 of Count Five are realleged.

2. On or about May 5, 2006, in the Eastern District of Pennsylvania, defendant

**CHUN YONG MADDEN,**
**a/k/a "Kimberly Suemi,"**
**a/k/a "Kim,"**

through abuse and threatened abuse of legal process, knowingly attempted to obtain the labor and services of J.H., an adult female, who was an illegal alien from the Peoples Republic of China, which labor involved the performance of massages and other services for male customers of Swan Day that required sexual contact with the male customers.

All in violation of Title 18, United States Code, Sections 1589 and 1594(a).

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 18, United States Code, Sections 1952(a)(3), 1589, and 1594, set forth in this indictment, defendants

**WILLIAM J. STRUNK,**
**CHUN YONG MADDEN,**
**a/k/a "Kimberly Suemi,"**
**a/k/a "Kim,"**
**and**
**JOHN G. EVANS, JR.**

shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such offenses.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Sections 981(a)(1)(C) and 1594(c).

**A TRUE BILL:**

**GRAND JURY FOREPERSON**

**LAURIE MAGID**
**ACTING UNITED STATES ATTORNEY**